**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YIJIN XU,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73231

Agency No. A075-747-506

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:      LEAVY, IKUTA, and N.R. SMITH, Circuit Judges.

Yijin Xu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Xu's evasive, unresponsive testimony regarding why he left the government-sanctioned church and differences between the government and underground churches. *See id.* at 1256 ("An asylum seeker's 'obvious evasiveness' may be enough to uphold an IJ's adverse credibility finding."). Substantial evidence also supports the agency's adverse credibility finding because Xu's testimony initially omitted his first interaction with police and a fellow church member's arrest during a church gathering. *See Li v. Ashcroft*, 378 F.3d 959, 962-64 (9th Cir. 2004) (petitioner's affirmative denial of any mistreatment in airport interview went to the heart of the claim and supported an adverse credibility finding). Absent credible testimony, Xu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Xu's CAT claim is based on the same testimony found to be not credible, and he does not point to any evidence that shows it is more likely than not that he will be tortured if returned to China, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

08-73231